# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| RICHARD NOLAN BELL § <br> § <br> v. § <br> § <br> EVELYN L. BELL HOLEMAN, § <br> VALANDEROUS W. BELL, CITY OF § <br> SULPHUR SPRINGS and HOPKINS § <br> COUNTY § | Civil Action No. 4:16-CV-596 <br> (Judge Mazzant/Judge Nowak) |

### MEMORANDUM ADOPTING IN PART THE REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On September 28, 2017, the report of the Magistrate Judge (Dkt. #51) was entered containing proposed findings of fact and recommendations that Defendants' Motions to Dismiss (Dkts. #40, #41) be granted. Having received the report and recommendation of the Magistrate Judge, having considered Plaintiff's objections (Dkt. #54), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts in part the Magistrate Judge's report as the findings and conclusions of the Court.

### RELEVANT BACKGROUND

Plaintiff Richard Nolan Bell, appearing *pro se*, filed his Original Complaint in the Northern District of Texas suing his siblings, Evelyn L. Bell Holeman, Gwendolyn J. Bell, and Valanderous W. Bell (Dkt. #3). Subsequent to transfer to this District, on March 8, 2017, Plaintiff filed an Amended Complaint (Dkt. #24) adding the City of Sulphur Springs and Hopkins County, Texas, as Defendants in this action. The Court directed Plaintiff to file a further amended complaint

specifically advising Plaintiff that it could not discern the basis for the Court's jurisdiction over his suit (Dkt. #30). On April 20, 2017, Plaintiff filed his Second Amended Complaint (Dkt. #32). It is undisputed that all parties to this litigation are Texas residents.

Plaintiff asserts that his siblings conspired to divest him of his property rights in a tract of land willed to him by his parents (*see generally* Dkts. #3; #24; #50). Plaintiff alleges that Hopkins County provided him with incomplete documents and/or false information and also discriminated against him and as a result Plaintiff claimed Sulphur Springs "falsely issued [a building permit] without proof a will or deed."

On June 5, 2017, Sulphur Springs filed a Motion to Dismiss Plaintiff's claims against it (Dkt. #40). On June 7, 2017, Hopkins County also filed a Motion to Dismiss Plaintiff's claims against it (Dkt. #41). On August 17, 2017, Plaintiff filed his Response to the Motions to Dismiss (Dkt. #50).

On September 28, 2017, the report and recommendation of the Magistrate Judge was entered recommending Defendants Sulphur Springs' and Hopkins County's Motions to Dismiss be granted for lack of jurisdiction and for Plaintiff's inability to state a Rule 12(b)(6) claim (Dkt. #51). The Court also recommended that Plaintiff's claims against Defendants Evelyn L. Bell Holeman and Valanderous W. Bell likewise be dismissed without prejudice for the same reasons On October 16, 2017, Plaintiff filed his objections to the report and recommendation (Dkt. #54).

**PLAINTIFF'S OBJECTIONS**

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). Plaintiff's objections are difficult to discern but he seemingly restates his substantive claims and therefore argues the Magistrate Judge "had no jurisdiction in this case" (Dkt. #54 at 1-2). Plaintiff also requests the Court transfer the case to the proper court (Dkt. #54 at 1-2).

The restatement of Plaintiff's substantive claims concerning his parents' will and the building permit does not constitute specific objections to the report and recommendation. Nevertheless, the Court concludes that the Magistrate Judge's finding and conclusion that the Court does not have jurisdiction in this matter is correct. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (noting that a district court may alternatively find the magistrate judge's findings and conclusions were correct even though a party did not properly object to the report and recommendation).

Concerning Plaintiff's claim that the Magistrate Judge lacked jurisdiction in this matter, the Court is unsure on what grounds Plaintiff makes this objection. To the extent Plaintiff asserts the Court lacked subject matter jurisdiction in this case, the Court agrees, as this was a basis of the Magistrate Judge's report and recommendation (Dkt. #51 at 5-7). To the extent that Plaintiff asserts the Magistrate Judge lacked the statutory authority to issue such a recommendation, he is mistaken. The Federal Magistrates Act, 28 U.S.C. § 636, permits "a [full Article III] judge [to] designate a magistrate judge to hear and determine any pretrial matter pending before the court, except [certain dispositive motions]" and further permits "a judge [to] also designate a magistrate judge to . . . submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any [of those excepted] motion[s] . . . ."

28 U.S.C. § 636(b)(1)(A)-(B) (2012). The Court's Local Rules also provide district judges wide latitude in referring matters and motions for a magistrate judge's review. E.D. Tex. Local Rule CV-72(d). A magistrate judge may, therefore, recommend disposition of a motion to dismiss to the district judge, who will then conduct a de novo review of those portions of the recommendation to which parties raise specific, timely objection. *Id.* § 636(b)(1)(C). The Fifth Circuit has repeatedly recognized the statutory authority to designate a magistrate judge and has roundly upheld the requirement to file such timely, specific objections. *Douglass*, 79 at 141, *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1). Here, the Magistrate Judge made a recommendation as to Defendants' Motions to Dismiss. The Magistrate Judge acted within the bounds of statutory authority in issuing such report and recommendation. The Court, therefore, overrules this objection.

The Court agrees with the Magistrate Judge that the Court does not have diversity or federal question jurisdiction.

## CONCLUSION

Having considered Plaintiff's objections (Dkt. #54), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts in part the Magistrate Judge's report (Dkt. #51) as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** that Defendants' Motions to Dismiss (Dkts. #40, #41) are **GRANTED in part** and Plaintiff's claims against Hopkins County and Sulphur Springs are dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff's claims against Defendants Evelyn L. Bell Holeman and Valanderous W. Bell are also dismissed without prejudice for lack of subject matter jurisdiction.

Since the Court is dismissing this case for lack of subject matter jurisdiction, the Court **REJECTS** the findings of the Magistrate Judge that Defendants' Motions to Dismiss pursuant to Rule 12(b)(6) be granted, because it is not proper to grant a Rule 12(b)(6) motion, a decision on the merits, when the case is being dismissed for lack of subject matter jurisdiction.

All relief not previously granted is hereby denied.

The Clerk is directed to close this civil action.

**IT IS SO ORDERED**.

SIGNED this 2nd day of November, 2017.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE